Hioholson, C. J.,
delivered the opinion of the Court.
On the 6th of November, 1867, J. R. Head filed his bill in the Chancery Court at .Trenton, against George 0. Haywood, and obtained from Chancellor Somers a fiat for an injunction against a judgment, rendered in the Circuit Court of Gibson *599 county, for two hundred and six dollars, against one Jas. B. Driskill. The fiat ordered the injunction to issue upon complainant in the bill, giving bond and security as required by law.
Defendant Haywood demurred to the bill, and the demurrer was sustained, and the bill dismissed. Thereupon a decree was rendered that complainant recover of the defendant, J. R. Head and B. H. "Welsh and A. G. Hicks, his securities on the injunction bond, the sum of two hundred and six dollars, the amount of the judgment, etc.
Hpon the issuance of an .execution upon this judgment, Welsh and Hicks filed their petition in the Chancery Court at Trenton, on the 81st Oct., 1868, in which they allege, that they did not sign the injunction bond, except for costs, and that the judgment against them for the debt was null and void. They make the record of the case of J. R. Head against Geo. 0. Haywood part of their petition. They prayed for . and obtained a super-sedeas. The petition was answered by Geo. 0. Haywood, who states that petitioner signed the injunction bond for the amount of the judgment as well as the costs. This statement was made upon information which he believed to be true. The affidavit of the clerk and master states that he made out a regular injunction bond, which was in the form of the printed bond he has on hand in his office, and that the bond was executed by Head and Hicks and Welsh, but the bond has *600 been lost. No exceptions was taken to this evidence, as far as the record shows.
At the November term, 1868, of the court, the cause was heard, when the supersedeas- was discharged, and the defendant allowed to proceed with his execution against said Hicks and 'Welsh. From this decree, Hicks and Welsh prosecuted an appeal to this court. The petition could be entertained by the Chancellor on no other ground than 'as a petition for writ of error coram nobis. In this proceeding, relief can be had . only for errors of fact occurring', of which the petitioner has had no notice, or which he was prevented by disability from showing or correcting, or in which he was prevented from making defense by surprise, accident, mistake or fraud, without fault on his part. Code 2116. The error of fact stated in the petition, is, that the petitioners were securities on a bond for cost, and not on an injunction bond for debt and cost. The petition is defective in not making any one of the allegations, as to want of notice, or as to disability, or as to surprise, accident or fraud on which relief could be obtained.
But this objection' was not taken by motion to dismiss, and is out of the way. The error of fact is not made out by proof on the issue. The petition is not evidence; its office is to point out the error of fact on which relief is sought, and at most it could only make an issue. The petitioner *601 makes the record in the original cause part of the proceedings — as it would - have been without being so made by the petition. The decree in the case states that petitioners were securities on the injunction bond, and as such the judgment was rendered against them. The law authorizes such injunctions to issue only upon bond' and security for debt and costs. The presumption, therefore, is, that petitioners executed the injunction bond, as securities for debt and costs. . The record contradicts the allegation in the petition, and the proof of the clerk sustains the recital in the decree. Petitioners have made no proof to establish the fact alleged as the ground of relief, nor to rebut the presumption arising from the recitals in the decree.
There was no error in ■ the action of the Chancellor in discharging the supersedeas, and dismissing the petition, and the decree is affirmed with costs.